UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOYONG ZHANG, a.k.a. RENZENGDUOIIE,<br><br>                                   Petitioner,<br><br>v.<br><br>SIXTO MARRERO, et al.,<br><br>                                   Respondents. | Case No.:  3:26-cv-1646-CAB-SBC<br><br>**ORDER GRANTING A WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Xiaoyong Zhang's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner alleges that he entered the United States without inspection on April 22, 2023, was detained for approximately one week, and was then released on his own recognizance.  [Petition at 4.] He further alleges he was recently re-detained after he was stopped at an Immigration and Customs Enforcement ("ICE") checkpoint on his way back from Arizona.  [*Id.* at 5.] Petitioner claims that his re-detention—without notice or a showing of any changed circumstances—violates the Due Process Clause of the Fifth Amendment.  [*Id.* at 7–12.]

Respondents do not contest any of Petitioner's asserted facts.  [Doc. No. 10.] Instead, Respondents argue that the Petition is an abuse of the writ because it is Petitioner's second habeas petition under § 2241.  [*See* Case No. 3:26-298-RSH-DDL.]  In that first petition, Petitioner requested and received a bond hearing under 8 U.S.C. § 1226, but was

ultimately denied bond by the immigration judge due to a risk of flight. [Doc. No. 10 at 2.] Though the Court is concerned by the still unexplained omission of an available Fifth Amendment claim from the first petition,[1] it is ultimately the government's burden to plead abuse of the writ by showing "with clarity and particularity . . . petitioner's prior writ history, [and] identif[ying] the claims that appear for the first time." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Here, Respondents have not met that burden because the response focuses on the bond hearing under § 1226; it does not even mention Petitioner's Fifth Amendment claim based on Petitioner's re-detention without notice after having been at liberty on his own recognizance for over two years. The Court therefore declines to dismiss the Petition as an abuse of the writ.

In light of Respondents' failure to legally or factually dispute Petitioner's Fifth Amendment claim for re-detention without notice, the Court **GRANTS** a writ of habeas corpus based on the reasoning the Court has articulated in similar cases. *E.g.*, *Tokhi v. LaRose, et al.*, Case No. 3:26-cv-0803-CAB-VET (S.D. Cal. Feb 19, 2026). Respondents are **ORDERED** to immediately release Petitioner under the same conditions of release that existed immediately prior to his most recent re-detention. The Court therefore does not address Petitioner's arguments with respect to his bond hearing and the standard of review applied by the immigration judge. The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: April 22, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The Court cautions Petitioner's counsel, and all others who represent habeas petitioners, that abuse of the writ may apply in cases where a petitioner raises a claim for the first time, even if the initial omission was unintentional. *See McCleskey*, 499 U.S. 467 at 491–92 (applying standard of inexcusable neglect); *Antone v. Dugger*, 465 U.S. 200, 205 (1984) (rejecting petitioner's argument that he should be excused from omission of claims in first federal habeas petition because counsel preparing that petition did so in haste and did not have time to become familiar with the case).

3:26-cv-1646-CAB-SBC